**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**SAFARI CLAYBORNE**                                                               **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO. 2:06cv209-MTP**

**CAPTAIN LLOYD BEASLEY, ET AL.**                         **DEFENDANTS**

**Consolidated With**

**SAFARI CLAYBORNE**                                                         **PLAINTIFF**

**V.**                                **CIVIL ACTION NO. 2:06cv250-MTP**

**MDOC, ET AL.**                                              **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the court on the Motion for Summary Judgment [54] filed by Defendants. The court, having considered the motion and the applicable law, finds that the Motion [54] should be GRANTED.

### FACTUAL BACKGROUND

Plaintiff, Safari Clayborne, proceeding *pro se* and *in forma pauperis*, filed his Complaints [1] pursuant to 42 U.S.C. § 1983 on September 12, 2006 and November 7, 2006.[1] Based on the information on file with the Clerk, Plaintiff is currently incarcerated at the Mississippi State Penitentiary in Parchman after having been convicted of attempted statutory rape in Oktibbeha County. Through his complaints and amended complaints, and as clarified during his *Spears*[2] hearing, Plaintiff asserted the following claims: 1) that Defendant Deborah Gray violated his due

---

[1] On June 24, 2008, the court entered an Order [45] consolidating this matter with Civil Action No. 2:06cv250.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing occurred on June 23, 2008. *See* Docket Entry dated June 23, 2008.

process rights; 2) that Defendants Sundie Loper, Nina Enlers, and Barbara Jordan wrongly issued him Rule Violation Reports ("RVRs") for masturbating; 3) that Defendants Sundie Loper, Nina Enlers, and Barbara Jordan violated his right to privacy; and 4) that Defendant Connie Pierce violated his due process rights. *See* Scheduling and Case Management Order [46].[3] The events in Plaintiff's complaints allegedly occurred while he was incarcerated at the South Mississippi Correctional Institution ("SMCI").

On October 14, 2008, Defendants filed their Motion for Summary Judgment [54]. Plaintiff failed to file a response in opposition to Defendants' Motion [54], despite an Order [56] from the court directing him to do so.[4]

## STANDARD FOR SUMMARY JUDGMENT

This court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of

---

[3]After the *Spears* hearing, Defendants Christopher Epps, Lloyd Beasley, and Ron King were dismissed from this consolidated action. *See* Scheduling and Case Management Order [46].

[4]Plaintiff failed to respond to Defendants' Motion by the deadline set forth in the Federal Rules of Civil Procedure. *See* Local Rule 7.2(D). Accordingly, on February 25, 2009, over four months after Defendants filed their motion, the court entered an Order [56] giving Plaintiff yet another opportunity to respond to the motion. Plaintiff failed to file a response.

2

disputed factual issues." *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## ANALYSIS

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*,

828 F.2d 298, 304 (5th Cir. 1987) (citations omitted) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability."). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304.

**Violation of Privacy**

Plaintiff alleges that Defendants Sundie Loper, Nina Enlers, and Barbara Jordan violated his right to privacy. Specifically, he claims that Sundie Loper, a female officer, violated his right to privacy when she turned on the light in the restroom and observed him using the restroom, and subsequently issued him an RVR for masturbating. He further complains that there are no partitions in the bathroom that allow for privacy. Similarly, he claims that Nina Enlers and Barbara Jordan, female officers, violated his right to privacy when they observed him using the restroom, and subsequently issued him RVRs for masturbating.

The Fifth Circuit has recognized that "[p]risoners retain, at best, a very minimal Fourth Amendment interest in privacy after incarceration." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002). Moreover, the Fifth Circuit "has upheld the use of female guards in guard towers giving a full view of male inmates taking showers." *Letcher v. Turner*, 968 F.2d 508, 510 (5th Cir.

4

1992) (citing *Barnett v. Collins*, 940 F.2d 1530 (5th Cir.1991) (table, No. 91-1038, unpub.)).[5] In *Barnett*, the Fifth Circuit "held that no constitutional violation occurs when naked male inmates are viewed by female guards if the presence of female guards is required to protect a legitimate government interest such as maintaining security at a correctional facility." *Letcher*, 968 F.2d at 510 (citing *Barnett*, 940 F.2d 1530). Similarly, in *Jackson v. Dantzler*, 196 F.3d 1256, 1999 WL 800000, at *1-*2 (5th Cir. Sept. 13, 1999), and *Andrews v. Dantzler*, 176 F.3d 479, 1999 WL 153005, at *1 (5th Cir. Mar. 4, 1999), the Fifth Circuit affirmed the dismissal of male prisoners' privacy violation claims concerning female guards viewing them in the restroom and shower.

In *Ordaz v. Martin*, 5 F.3d 529, 1993 WL 373830 (5th Cir. Sept. 15, 1993), cited by Defendants, the Fifth Circuit affirmed the dismissal of a claim factually similar to the case at bar. In *Ordaz*, a male prisoner claimed, *inter alia*, that female prison guards making routine surveillance rounds lingered unnecessarily in front of his prison cell while he was masturbating, in violation of his rights to privacy under the Fourth and Eighth Amendments. *Ordaz*, 1993 WL 373830, at *4-*5. The court held that "the observations allegedly made by the female prison guards did not constitute 'searches' within the meaning of the Fourth Amendment." *Id.* at *4. The court further held that "a prisoner has no reasonable expectation of privacy in the 'curtilage' surrounding his prison cell." *Id.* at *5. The court also held that the plaintiff's allegations against the prison guards failed to amount to cruel and unusual punishment in violation of the Eighth Amendment. *Id.*

---

[5]In *Letcher*, the Fifth Circuit held that "there is no basis for [a male prisoner's] claim of a constitutional violation due to the presence of female guards during the strip search." *Letcher*, 968 F.2d at 510. In *Letcher*, the Fifth Circuit also endorsed an Eighth Circuit opinion holding that female guards could monitor male prisoners taking showers. *See Letcher*, 968 F.2d at 510 (citing *Timm v. Gunter*, 917 F.2d 1093, 1099-1102 (8th Cir. 1990)).

Based on the Fifth Circuit precedent set forth above, Defendants are entitled to judgment as a matter of law on Plaintiff's privacy violation claims. Plaintiff has not alleged any type of "search;" rather, he alleges that the female Defendants observed him (apparently his genitals) in the restroom. These allegations simply do not rise to the level of a constitutional violation.

**Wrongful RVRs**

In relation to the alleged privacy violations set forth above, Plaintiff alleges that he was wrongfully written up for masturbating. Specifically, Plaintiff alleges that Defendant Sundie Loper wrongly issued him an RVR for masturbating while he was using the restroom on June 5, 2006; that Defendant Nina Enlers wrongly issued him an RVR for masturbating while he was using the restroom on June 12, 2006; and that Defendant Barbara Jordan wrongly issued him an RVR for masturbating while he was using the restroom on June 19, 2006,[6] and August 13, 2006. These RVRs were issued to Plaintiff for violating Rule #4: "Engaging in sexual acts with others or indecent exposure." *See* Ex. B to Motion [54-2] at 12 ; Exs. C - F to Motion [54-2] at 17-29.[7]

In *Ordaz*, *supra*, the plaintiff claimed that the female guards filed false charges of "sexual misconduct" against him, which led to the loss of good time credit and various privileges. The Fifth Circuit noted that the plaintiff was "essentially seek[ing] to relitigate facts that were adjudicated during the disciplinary hearings at which he was found guilty of masturbating in public" and held that he failed to raise an arguable claim for the denial of a federal right. *Ordaz*,

---

[6]In the RVR issued on June 19, 2006, # 682889, Officer Jordan stated that Plaintiff was warned to stop masturbating before she issued the RVR, but he ignored her warning. *See* Ex. E to Motion [54].

[7]The court notes that Plaintiff has been issued RVRs on several other occasions for violating Rule 4. *See* Ex. A to Motion [54].

1993 WL 373830, at *6.  The court observed that the plaintiff's allegations were "indistinguishable from a malicious prosecution claim. . . ." which the Fifth Circuit has recognized "*may* form the basis of a § 1983 claim."  *Id.*  (citing *Brummett v. Camble*, 946 F.2d 1178, 1180 and n.2 (5th Cir. 1991)).[8]  However, the Fifth Circuit held, "[e]ven assuming that there is a federally protected right to be free from malicious prosecutions (including false disciplinary charges in the confines of a state prison), . . . 'a plaintiff may not state a claim under § 1983 for malicious prosecution absent proof that the prosecution terminated in his favor.'"  *Id.*

Here, Plaintiff has failed to allege, much less establish, that the disciplinary proceedings terminated in his favor; indeed Plaintiff was found guilty of all four RVRs.  *See* Exs. C-F to Motion [54-2] at 17-29.  Accordingly, he has not made an arguable showing that any constitutional right has been violated.  *See also Hoye v. Nelson*, No. 4:07cv044-M-B, 2007 WL 1321964, at *1 (N.D. Miss. May 3, 2007) (dismissing plaintiff's claim regarding a "false RVR" *sua sponte,* reasoning that plaintiff's allegation did not amount to a constitutional violation).

**Due Process Violations**

Plaintiff alleges that Defendant Deborah Gray violated his due process rights in connection with the disciplinary hearings on the above RVRs.  Specifically, he claims that Ms. Gray tried to force him to sign a waiver of a notice for his disciplinary hearing; she prevented him from participating in the disciplinary hearing, and she failed to timely provide him with copies of the disciplinary rulings, which prevented him from filing an appeal.  He also claims that Ms. Gray failed to follow policies and procedures in another disciplinary hearing and

---

[8]The Fifth Circuit used the term "may" because the issue has not been finally decided. *Id.*  (citing *Brummett*, 946 F.2d at 1180 and n.2).

wrongly found him guilty.

Plaintiff also alleges that Defendant Connie Pierce violated his due process rights. Specifically, he claims that Ms. Pierce ordered him to be re-classified and failed to provide him with copies of his RVR rulings, which prevented him from timely filing an appeal.

This court does not "'second-guess' the findings and determinations of prison disciplinary committees[,]" nor does the "Constitution . . . demand 'error-free' decision making . . . ." *Hoye*, 2007 WL 1321964, at *1 (quoting *Collins v. King*, 743 F.2d 248, 153-54 (5th Cir. 1984)); *see also McGowan v. Peel*, No. 3:06cv659-DPJ-JCS, 2007 WL 710154, at *1-*2 (S.D. Miss. March 6, 2007) (internal citations and quotations omitted) (dismissing plaintiff's complaint pursuant to 28 U.S.C. § 1915, where plaintiff claimed that he was innocent of the charges in the RVR, his disciplinary hearing was delayed, and that the report reflected the incorrect date and time that he received a copy of the report; the court stated that a "prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met").

The record reflects that Ms. Gray was the hearing officer for the disciplinary hearings for two of Plaintiff's RVRs at issue: RVR # 682742 and # 682817.[9] *See* Exs. C and D to Motion [54-2] at 17-20. The evidence submitted reflects that Plaintiff was served with a notice of the hearing for RVR # 682742, attended the hearing and was found guilty. *See* Ex. C. Further, the evidence reflects that Plaintiff entered the hearing for RVR # 682817, refused to cooperate,

---

[9]Ms. Gray was not the hearing officer for the other two RVRs at issue, # 682889 and # 533286. Rather, Lloyd Beasley, who has been dismissed from this action, was the hearing officer for those RVRs. *See* Exs. E and F to Motion [54]; Scheduling and Case Management Order [46]..

exited the hearing and was found guilty. *See* Ex. D. As a result of guilty findings, Plaintiff was reclassified, reassigned, and lost visitation privileges for thirty days per violation.[10] *See* Exs. C and D to Motion [54]. The evidence submitted also reflects that Plaintiff appealed the findings of these hearings, and his appeals were denied. *See* Exs. G and H.

Defendants also submit that the remaining two RVRs, # 682889 and # 533286, were appealed by Plaintiff through the Administrative Remedy Program, and his appeals were denied. *See* Memorandum [55] at 5-6; Exs. I and J to Motion [54].

Based on the evidence before the court, Plaintiff has not established how his due process rights were violated. "A plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. . . . In the event there is no constitutional right, the plaintiff's complaint fails." *Hoye*, 2007 WL 1321964, at *1 (citations omitted). Liberty interests protected by the Due Process Clause "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding that cell restrictions and loss of commissary privileges are "merely changes in the conditions of [ ] confinement and do not implicate due process concerns"); *Williams v. Geo Group, Inc.*, No. 4:08cv67-HTW-LRA, 2008 WL 2724889, at *1 (S.D. Miss. July 10, 2008) ("The classification of Plaintiff in a certain level of custody and the loss of prison privileges are not an 'atypical and significant hardship' of prison life.").

Plaintiff has failed to offer any evidence that Ms. Gray or Ms. Pierce violated his due

---

[10]Plaintiff does not allege, and the evidence does not reflect, that he lost any good time credit as a result of any RVR at issue.

process rights. In addition, Plaintiff's conclusory allegations that Ms. Pierce prevented him from filing an appeal of his disciplinary hearing are insufficient to create a genuine issue of material fact. *See Lujan,* 497 U.S. at 902. Even assuming these Defendants did violate certain MDOC policies and procedures in relation to the disciplinary hearings, such conduct fails to rise to the level of a constitutional violation. Based on the case law set forth above, Plaintiff's punishment for the disciplinary hearings –reclassification and the denial of visitation privileges are not an "atypical and significant hardship" of prison life, and do not implicate the Due Process Clause. *See Sandin*, 515 U.S. at 483-84; *Madison*, 104 F.3d at 768; *Williams*, 2008 WL 2724889, at *1; *see also Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (holding that the mere failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation)*; McGowan*, 2007 WL 710154, at *1-*2.

Based on the foregoing, Defendants are entitled to judgment as a matter of law on Plaintiff's claims for due process violations.

## CONCLUSION

For the reasons stated above, the court finds that Defendants' Motion for Summary Judgment [54] is GRANTED, and these actions are hereby dismissed with prejudice.

A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 2nd day of April, 2009.

s/ Michael T. Parker  
United States Magistrate Judge